RENDERED: MAY 6, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1246-MR

ERIC L. GIBSON                                                                 APPELLANT

v.              APPEAL FROM LYON CIRCUIT COURT
                HONORABLE C.A. WOODALL, III, JUDGE
                ACTION NO. 19-CI-00071

KENTUCKY DEPARTMENT OF
CORRECTIONS AND DEEDRA
HART                                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, MAZE, AND McNEILL, JUDGES.

GOODWINE, JUDGE:  Eric L. Gibson ("Gibson") appeals *pro se* from the

judgment of the Lyon Circuit Court dismissing his complaint on the basis that he

failed to exhaust administrative remedies.  We affirm.

        Gibson alleges that, on September 9, 2018, while he was an inmate, he

slipped and broke his right leg in two places on the grounds of the Kentucky State

Penitentiary. On June 12, 2019, he filed a complaint against the Kentucky Department of Corrections and Warden DeEdra Hart (collectively "Corrections") in the circuit court asserting claims under the Kentucky Constitution and the Eighth Amendment of the United States Constitution, as well as alleging negligence. No documentation was attached to Gibson's complaint.

Corrections filed a motion to dismiss Gibson's complaint under CR[1] 12.02(f) arguing he failed to exhaust administrative remedies as mandated by KRS[2] 454.415. The circuit court allowed Gibson to file an amended complaint. His amended complaint was virtually identical to his original complaint except that it included a statement that he had exhausted administrative remedies by timely filing an institutional grievance. Record ("R.") at 22-23. No documentation was attached to the amended complaint.

Corrections again moved to dismiss Gibson's complaint on the same grounds. In response, Gibson filed a motion, which he styled as a motion to show cause, regarding his alleged exhaustion of administrative remedies on July 26, 2019. Therein, he repeated the claim that he exhausted administrative remedies. Gibson attached two documents to his motion. The first appears to be a log of grievances filed by inmates which shows that he filed a grievance on January 4,

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes.

2019. R. at 34. The second is a letter dated July 22, 2019, from Gibson addressed to the deputy warden of the prison requesting information on the status of his grievance. R. at 35. Corrections responded to the motion, maintaining its argument that Gibson had not exhausted administrative remedies. Corrections attached a copy of Gibson's grievance and a grievance rejection notice to its response.

On August 16, 2019, the circuit court granted Corrections' motion and dismissed Gibson's complaint. The court determined that neither the complaint nor the amended complaint included documentation showing Gibson's exhaustion of administrative remedies. Furthermore, the court found the documents attached to Gibson's July 26, 2019 motion did not "overcome the failure to exhaust administrative remedies." R. at 46.

On September 3, 2019, Gibson moved to alter, amend, or vacate the judgment under CR 59.05. Before the circuit court ruled on his motion, Gibson filed a notice of appeal on September 13, 2019. In case number 2019-CA-1388-MR, this Court ordered Gibson's appeal be held in abeyance for sixty days to allow the circuit court to rule on the CR 59.05 motion. Gibson did not seek an extension of the period of abatement when the court did not address the motion within the sixty days. Because a CR 59.05 motion has the affect of converting a final

judgment into an interlocutory one until it is resolved, this Court dismissed Gibson's appeal.

On August 26, 2020, the circuit court denied Gibson's CR 59.05 motion. This appeal followed.

We review judgments on motions to dismiss under CR 12.02(f) *de novo*. *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009) (citation omitted). Because such a motion involves a pure question of law, we owe the circuit court's decision no deference. *Id.* (citation omitted).

On appeal, Gibson argues the circuit court erred in dismissing his complaint for failure to exhaust administrative remedies. In part, KRS 454.415 mandates:

> (1) No action shall be brought by or on behalf of an inmate . . . until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.
>
> (2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.
>
> (3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.
>
> (4) A court shall dismiss a civil action brought by an inmate . . . if the inmate has not exhausted administrative remedies[.]

The burden to provide documentation of exhaustion of administrative remedies is placed solely on the inmate by KRS 454.415(3). Herein, Gibson attached no documentation to either his complaint or amended complaint, a clear violation of the statute. Even the documents attached to his July 26, 2019 motion do not show exhaustion of administrative remedies. Instead, the documents show only that he filed a grievance. They do not indicate what arguments he made therein, nor do they show the outcome or that he exhausted the grievance process.

Furthermore, prior to filing an action in circuit court, Gibson was required to follow the grievance procedures detailed in CPP[3] 14.6. Therein, an inmate must first file a grievance within five business days after the incident. CPP 14.6(II)(J)1.a.(2). Thereafter, "[t]he Grievance Coordinator may reject a grievance that does not comply with the grievance process requirements[,]" including timeliness. CPP 14.6(II)(J)1.a.(13).

Even if we were to consider the documentation provided by Corrections in its response to Gibson's July 26, 2019 motion, his claims would ultimately fail. Gibson was injured on September 9, 2018 but did not file his grievance until January 4, 2019. As noted in the grievance rejection notice,

---

[3] Kentucky Corrections Policies and Procedures.

Gibson's grievance was filed more than five business days after the incident.  R. at 40.

Based on the foregoing, we affirm the judgment of the Lyon Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Eric L. Gibson, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEES:

Richard D. Lilly
Frankfort, Kentucky